MERGENTHALER LINOTYPE CO. OF BROOKLYN, N. Y., *v.*
WATKINS.

(Division B.    June 1, 1936.)

[168 So. 478.    No. 32289.]

**Witherspoon & Corey,** of Meridian, and **T. J. Wills,** of Hattiesburg, for appellant.

Argued orally by **Lyle V. Corey,** for appellant.

**Anderson, J.,** delivered the opinion of the court.

Appellant filed its bill in the chancery court of Covington county against appellee and her brother, R. H. Watkins, to set aside and cancel a delinquent tax sale of a linotype machine. The cause was heard on bill, answer, and proofs, resulting in a decree refusing to cancel the tax title to the machine, but awarding a personal judgment against R. H. Watkins for the balance of the purchase money due thereon. From that decree, appellant appeals, but R. H. Watkins does not.

There was little, if any, conflict in the material evidence. In March, 1926, R. H. Watkins, owning and operating a newspaper plant and publishing the "Collins Commercial," purchased from appellant a linotype, or type casting, machine on which he made a cash payment. A balance of two thousand seventy-seven dollars and seventy-five cents remained due, for the payment of which a series of notes were given, secured by a mortgage on the machine. The mortgage was duly recorded. By 1932 these notes had been paid down to seven hundred forty-two dollars. The printing plant, including the machine, was assessed for its 1932 taxes, which were not paid, and, on the 23d day of September, 1933, the tax collector of the county sold the linotype machine for the unpaid taxes. It was bought by appellee for the sum of one hundred thirty-five dollars and thirteen cents, which she paid. The sale took place at the courthouse door where public sales are usually held. At

the time of the sale the linotype machine was in the printing plant of the Collins Commercial, about two and one-half blocks away.

The sale is attacked on several grounds, only one of which we find necessary to consider, namely, whether or not the sale is void because the tax collector did not have the property present at the sale. Section 3238, Code of 1930, provides, among other things, that all taxes remaining unpaid after the first day in February shall be collected by the tax collector by distress and sale of any property liable therefor, ''and such sale shall take place at the courthouse door, unless the property distrained be too cumbrous to be removed.''

The statute is not open to construction; it is plain and unambiguous. The tax collector must have the property present in his possession so that prospective bidders may see and examine it if they desire. If the property is too cumbrous to be removed to the courthouse where such sales are usually made, the sale must be advertised to and take place at the place where the property is situated. Property two and one-half blocks from the place of sale is not present at the sale.

Appellee is entitled to be reimbursed for the taxes paid out by her, and for that purpose has a prior lien on the machine.

Reversed and remanded.